CHARLEY CLAXTON v. THE STATE.

No. 7663. Decided May 2, 1923.

**Selling Intoxiating Liquor—Evidence—General Reputation.**

Where defense's witnesses testified the defendant's good reputation for peace and order it was reversible error to permit the State on cross-examination of the witness, to show that defendant was running around with negro whores.

Appeal from the District Court of Ellis. Tried below before the Honorable W. L. Harding.

Appellant from a conviction of selling intoxicating liquor; penalty one year in the penitentiary.

The opinion states the case.

*Clyde F. Winn,* for appellant. Cited Thompson v. State, 42 S. W. Rep., 974; State v. Johnson, 17 Tex. Crim. App., 573.

*R. G. Storey,* Assistant Attorney General, for the State. Cited Johnson v. State, 241 S. W. Rep. 484; Waters v. State, 241 id., 496.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Ellis County of the sale of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

For some reason which does not appear, testimony was admitted in the trial court the substance and effect of which was that appellant had been running around after negro prostitutes, and the State witnesses were permitted to testify that they had heard such was the fact. Defense witnesses who testified to appellant's good reputation for being a peaceable, law-abiding citizen were required, over objection, to answer upon cross-examination as to how a man could have a good reputation who ran around after negro whores. A State witness who testified that the reputation of appellant for being a peaceable, law-abiding citizen was bad, while being cross-examined as to whether he had ever heard of appellant violating any law, stated that he had heard of appellant being in a car with a negro woman and kissing her, and being on the street with his arms around a negro woman. This answer does not seem to have been responsive to the question asked, and appellant requested that the answer be withdrawn and the jury instructed not to consider it, which request was refused by the trial court.

The Assistant Attorney General concedes that this procedure was in violation of the rights of the appellant and injected before the jury highly prejudicial matters without authority of law.

Believing the admission of State's counsel to be correct, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*